## RELIANCE INS. CO. OF PHILADELPHIA v. DALTON. (No. 5401.)

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1915.)

INSURANCE ☞336—FIRE INSURANCE—CONSTRUCTION OF POLICY—STATUTE.

Act Sept. 6, 1910 (Acts 31st Leg., 4th Called Sess., c. 8) § 18, provides that no company subject to the provisions of the act may issue any policy of insurance covering property in the state containing any clause requiring the assured to take out a larger amount of insurance than expressed in the policy, or providing that he shall be liable as coinsurer, unless the assured accepts a policy of coinsurance in consideration of a reduction in the rate of insurance. Assured instructed the insurer's agent not to write a coinsurance policy, but contracted for the concurrent policy issued with a stipulation prohibiting insurance in excess of $15,-000. In suit on the policy the insurer defended on the ground that the prohibited amount of insurance had been exceeded, and the assured contended that, as the state insurance board and an agent appointed by the insurer and other companies had placed the property involved in a class which, by the rules and regulations of the board, required it to be insured by a coinsurance policy, although the policy issued and accepted was in terms a concurrent policy with the clause prohibiting insurance beyond a specified amount, nevertheless the court should enforce it as "a coinsurance policy," which is one containing a stipulation requiring the assured to maintain a certain amount of insurance upon the property, and providing that in the event he fails to do so he becomes a coinsurer, and hold that it was not void because of the excessive insurance. Held, that assured could not enforce their concurrent policy, which they had violated, as they had contracted for it, and not for any policy of coinsurance, the writing of which would have been unlawful under the statute unless accepted on account of reduction in rate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 856–873; Dec. Dig. ☞336.]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

On appellant's and appellee's motions for rehearing. Motions overruled.

For former opinion, see 178 S. W. 966.

Wm. Thompson, of Dallas, and Jno. S. Patterson, of Austin, for appellant. Williams & Williams and Witt & Saunders, both of Waco, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

KEY, C. J. This case has been reversed and remanded, and appellant has filed a motion for rehearing, asking that the case be reversed and rendered; while appellee has filed a motion for rehearing, requesting that the judgment of the trial court be affirmed. Both motions have received careful consideration, and our conclusion is that the case has been properly disposed of by this court, and that the motions should be overruled.

Attached to appellant's motion is a certified copy of three pages copied from the question and answer transcript of the testimony prepared and filed by the court stenographer in the trial court, and it is contended on behalf of appellant that, when the statement of facts is considered in connection with the document referred to, it is clear that appellant had no notice of one of the additional policies, the procurement of which was pleaded as a breach of the contract of insurance sued upon and as a defense to appellee's cause of action. In our opinion, the document referred to cannot be considered as any part of the statement of facts, or for any other purpose, and therefore we decline to render judgment for appellant.

As to appellee's motion for rehearing, we adhere to our former ruling, and hold that the court committed reversible error when it refused to give appellant's requested instruction copied in our former opinion. In addition to what was said in that opinion upon the subject of coinsurance, and in further reply to the contention of appellee's counsel that the judgment should be affirmed upon the theory that the undisputed proof shows that the property in question was classified as coinsurance property at the time the policy in suit was issued, and reclassified as such before the other policies were obtained, we call attention to section 18 of the act of September 6, 1910 (Acts 31st Leg., 4th Called Sess., c. 8), which act was in force when this transaction occurred, which section reads as follows:

"Sec. 18. No company subject to the provisions of this act may issue any policy or contract of insurance covering property in this state, which shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that expressed in such policy, nor in any way providing that the assured shall be liable as coinsurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy, and any such clause or provision shall be null and void and of no effect, provided, that it may be optional with the assured to accept a policy or contract of insurance containing a coinsurance clause or provision when a reduction in the rate of insurance on the property described in such policy is the consideration named in such clause, and when so accepted the coinsurance clause or provision shall be binding on the assured."

As written, the policy in suit is what is termed a concurrent policy, with a stipulation prohibiting insurance in excess of $15,000. A coinsurance policy is one containing a stipulation requiring the assured to maintain a certain amount of insurance upon the property, and providing that in the event he fails to do so he becomes a coinsurer; and the appellee contends that the state insurance board and an agent appointed by appellant and other insurance companies had placed the property involved in this proceeding in a class which, by the rules and regulations of the state insurance board, required it to be insured by a coinsurance policy, and therefore, although the policy that was issued and accepted was in terms a concurrent policy, with a clause prohibiting insurance beyond a specified amount, the court should enforce it as a coinsurance policy, and hold that it was not void because of such excessive insurance. The answer to that contention is that the testimony not only failed to show that the owners of the property at the time the policy was issued, who were the assured, consented to accept a coinsurance policy because of a reduction in the rate of insurance, but, on the contrary, the undisputed testimony shows that the assured did not desire a coinsurance policy, but instructed appellant's agents not to write them such policy. In other words, they contracted for the policy which was issued to them, and it would have been unlawful to have written it as a coinsurance policy, unless the assured, on account of a reduction in the rate of insurance, had agreed to accept such policy. This is the plain and obvious meaning of section 18 of the statute referred to, and presents an insuperable objection to an affirmance of the judgment upon the theory urged by appellee's counsel.

Motions overruled.